UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALBERT H. ROBERTS,              :
                                :     Civ. No. 11-1793 (RMB) (AMD)
              Plaintiff,        :
                                :
     v.                         :     **OPINION**
                                :
KAREN BALICKI, et al.,          :
                                :
              Defendants.       :
                                :

RENÉE MARIE BUMB, U.S.D.J.

I.   INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On January 14, 2013, defendants C/O Gandy, C/O Horan, C/O Lago, C/O McCoy, C/O Hogan, C/O Yacovelli, and C/O Volov (hereinafter the "Moving Defendants") filed a motion for summary judgment.  For the following reasons, the Moving Defendants' motion for summary judgment will be granted as Plaintiff failed to exhaust his administrative remedies.

II.   BACKGROUND

As this decision rests upon narrow procedural grounds, the Court will only briefly recite the relevant facts.  The Plaintiff was incarcerated at the South Woods State Prison in Bridgeton, New Jersey in April 2009.  Plaintiff alleges the

1

Moving Defendants used excessive force against him during an incident occurring at the prison on April 23, 2009.

On January 14, 2013, the Moving Defendants moved for summary judgment.  Their motion raises several issues, including that Plaintiff failed to exhaust his administrative remedies.  Plaintiff filed his opposition on February 19, 2013.  Moving Defendants filed a reply on February 26, 2013.

### III. LEGAL STANDARD

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

> Under summary judgment practice, the moving
> party always bears the initial
> responsibility of informing the district
> court of the basis for its motion, and
> identifying those portions of "the
> pleadings, depositions, answers to
> interrogatories, and admissions on file,
> together with the affidavits, if any, which
> it believes demonstrate the absence of a
> genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted).  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

2

case, and on which that party will bear the burden of proof at trial. *See id.* at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 586 (1986). However, "a mere scintilla of evidence," without more, will not give rise to a genuine dispute for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[W]here the record . . . could not lead a rational trier of fact to find for the nonmoving party," summary judgment is appropriate. *See Matsushita*, 475 U.S. at 586-87. As the Third Circuit has noted, "a plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) (citing *Celotex Corp.*, 477 U.S. at 322).

B. Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") requires a prisoner asserting a § 1983 claim regarding prison conditions to first exhaust his administrative remedies before filing suit.

3

*See Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000).  The PLRA
states that:

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law, by a
> prisoner confined in any jail, prison, or
> other correctional facility until such
> administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies
to all inmate suits "about prison life, whether they involve
general circumstances or particular episodes, whether they
allege excessive force or some other wrong."  *Porter v. Nussle*,
534 U.S. 516, 532 (2002).

Grievance procedures in an inmate handbook are
administrative procedures that must be exhausted prior to the
filing of suit.  *See Concepcion v. Morton*, 306 F.3d 1347, 1348-
49 (3d Cir. 2002).  Proper exhaustion requires "compliance with
an agency's deadlines and other critical procedural rules
because no adjudicative system can function effectively without
imposing some orderly structure on the course of its
proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).
"Under the [PLRA], the exhaustion of all administrative remedies
is mandatory, whether or not the inmate believes that such
administrative remedies would be effective and even if the
available administrative remedy process cannot grant the desired
remedy.  *See Smith v. Merline*, 719 F. Supp. 2d 438, 444 (D.N.J.

4

2010) (citing *Booth v. Churner*, 532 U.S. 731, 739-41 (2001)).
The question of whether a plaintiff has exhausted his
administrative remedies under the PLRA is a question of law to
be determined by a judge.  *See Drippe v. Tobelinski*, 604 F.3d
778, 782 (3d Cir. 2010).

## IV.  DISCUSSION

Moving Defendants argue that Plaintiff has failed to
exhaust his administrative remedies that they used excessive
force against him on April 23, 2009.  They attach a declaration
from Linda Linen who is the Program Development Specialist at
South Woods State Prison.  (*See* Dkt. No. 85-4.)  Ms. Linen
describes the grievance process that applied to Plaintiff while
he was incarcerated at that facility.  She states that the first
step of the process is for an inmate to complete an Inmate
Remedy Form ("IRF").  (*See* Dkt. No. 85-4 at p. 5.).  *See also*
N.J. ADMIN. CODE § 10A:1-4.4(c).  Forms that do not satisfy all of
the procedural requirements are returned to the prisoner for
corrective action.  (*See* Dkt. No. 85-4 at p. 6.)  If an IRF is
complete and responded to, but the inmate is still dissatisfied
with the outcome of his complaint, he can appeal to the
Administrator.  (*See id.* at p. 7-8.)  *See also* N.J. ADMIN. CODE §
10A:1-4.4(c).  A decision by the Administrator on appeal is the
final decision at the correctional facility level.  (*See* Dkt.
No. 85-4 at p. 8.)  *See also* N.J. ADMIN. CODE § 10A:1-4.6(d) ("The

decision or finding of the Administrator or designee to the
"Administrative Appeal" is the final level of review and
decision or finding of the New Jersey Department of
Corrections.").

During the period between April 23, 2009 and the filing of
this complaint, Plaintiff was incarcerated at various New Jersey
prison facilities, including the South Woods State Prison, East
Jersey State Prison, Northern State Prison and the New Jersey
State Prison.  The Moving Defendants have provided declarations
from officials at these various prisons who have declared that
they have searched through their records and have attached
Plaintiff's IRFs while he was incarcerated.  They have not
attached any IRFs that Plaintiff may have submitted that did not
comply with the procedures for filing IRFs.

With respect to Plaintiff's IRFs, Moving Defendants admit
that Plaintiff mentioned the April 23, 2009 assault incident in
a September 21, 2010 IRF.  Plaintiff stated as follows in that
IRF:

> I'm requesting protective custody . . . I'm
> in fear of my life, the Bloods have a hit
> out on my life.  Prisoners [redacted], the
> God Father of the Zomato [sic] Neighborhood
> Bloods, and [redacted] of the 7-93-Thug Lie
> Bloods.  Both claim I snitched on them in
> regard to them both being caught with cell
> phones.  I fear I will be killed if I'm
> placed and housed within (N.J.S.P. or N.S.P.
> Adsegs).  I'm requesting to be placed here
> in N.J.S.P. Adseg. to preserve my life and

6

> to not be killed by any of their gang
> members.  I'm also asking not to be returned
> to S.W.S.P w[h]ere I was beaten and
> assaulted by 12 officers on 4-23-09.  I feel
> and fear I will continue to be targeted and
> harassed and beaten.  Also, setup to be sent
> to adseg. to be killed by the bloods.
> "Please help."

(Dkt. No. 85-7 at p. 20.)[1]  Prison staff responded to this

grievance on September 30, 2010 as follows:  "[k]eep separates

[sic] at SSCF and EJSP.  No substantial facts to warrant PC

placement. I/M is on the SU at this time."  (*Id.*)  Plaintiff

appealed to the Administrator.  In his appeal, Plaintiff only

asserted his fear of retaliation by the Bloods.  Indeed,

Plaintiff's entire appeal information stated as follows:

> On May of 2004, I was here in P.C. and sent
> to S.W.S.P.  I was sent to Adseq., and later
> sent to N.S.P. where I was jumped and
> stabbed by the Bloods.  Even though
> [redacted] and [redacted] aren't here at
> N.J.S.P., all of their gang affiliates are.
> I fear for my life.  I fear I will be
> killed, if I'm placed in general population
> here.  I only have four years till my P.E.

(*Id.* at p. 21.)

"'A litigant's failure to raise issues during an

administrative appeal can constitute a failure to exhaust

administrative remedies.'"  *Paulino v. (FNU)(LNU)*, 203 F. App'x

942, 943 (10th  Cir. 2006) (quoting *Kikumura v. Hurley*, 242 F.3d

---

[1]Moving Defendants state that they have redacted the names of
specific inmates on Plaintiff's IRF's for their privacy
interests and for Plaintiff's own interest.  (*See* Dkt. No. 85-1
at p. 17 n.4.)

950, 956 (10th Cir. 2001)).  The United States Supreme Court has
stated that "[c]ompliance with prison grievance procedures . . .
is all that is required by the PLRA to properly exhaust."  *Jones
v. Bock*, 549 U.S. 199, 218 (2007).  The prison grievance
procedure applicable to Plaintiff's September 21, 2010 IRF
provided that "[o]nly one problem or concern is to be addressed
on each Inmate Request System and Remedy form.  Forms received
which contain more than one concern or issue will not be
processed, and will be returned to the writer."  (Dkt. No. 85-7
at p. 16.)

The prison processed Plaintiff's September 21, 2010 IRF.
Furthermore, Plaintiff appealed this grievance to the
Administrator, but only asserted his continued fear of
retaliation by the Bloods gang.  These facts, when taken
together, indicate that Plaintiff failed to exhaust any claim of
excessive force from the April 23, 2009 incident in this
grievance.  As explained above, each IRF could only assert one
problem or concern.  In this IRF and subsequent appeal, that
concern was Plaintiff's fear of retaliation from the Bloods.
Had Plaintiff been attempting to raise his fear of retaliation
by the Bloods as well as an excessive force claim against the
Moving Defendants, the IRF would not have been processed
pursuant to the regulations of the Inmate Handbook which only
allow for one issue per IRF.  (*See* Dkt. No. 85-7 at p. 16.)

Additionally, Plaintiff's appeal indicates that Plaintiff's fear of retaliation by the Bloods was the concern Plaintiff was raising in this IRF.

Nevertheless, Plaintiff contends that he has exhausted his administrative remedies on his excessive force claim based on other administrative grievances he filed. Plaintiff first claims that he filed a grievance on May 5, 2009 while incarcerated at the South Woods State Prison, but that he "received no response as stated in [his] verified 42 U.S.C. § 1983 complaint." (Dkt. No. 95 at p. 2.) Plaintiff's statement in opposing summary judgment is directly contradicted by his prior allegation in the complaint where he alleged that he "submitted a grievance through prisons inmate remedy system and appealed the denial of the grievance to the highest level available." (Pet. at p. 8.) This contradiction notwithstanding, Plaintiff has failed to show that his conclusory assertion raises a genuine issue of material fact with respect to exhaustion.

Ms. Linen declares that she conducted a search to locate any IRFs filed by Plaintiff while he was incarcerated at South Woods State Prison. Plaintiff was incarcerated at South Woods State Prison on and around May 5, 2009. Ms. Linen attached the IRFs that Plaintiff filed during his incarceration at her facility. Upon reviewing these IRFs, there are no IRFs dated

May 5, 2009. Furthermore, and most importantly, none of the
IRFs Plaintiff's filed at South Woods State Prison relate to
Plaintiff's claim of excessive force against the Moving
Defendants arising from the April 23, 2009 incident.
Plaintiff's conclusory allegation, without any accompanying
evidence (such as any IRF he attempted to submit), does not
create a genuine issue of material fact with respect to
exhaustion. *Accord Maclary v. Carroll*, 142 F. App'x 618, 620
(3d Cir. 2005) (per curiam) (plaintiff's allegation that he
filed unanswered and unprocessed  grievance and letters to
prison officials, but failed to offer any support for his bare
assertions does not create a genuine issue of material fact with
respect to exhaustion issue); *Keys v. Carroll*, No. 10-1570, 2012
WL 4472020, at *8 (M.D. Pa. Sept. 26, 2012) (holding that
plaintiff's reliance on the complaint, deposition testimony and
affidavit that he exhausted his administrative remedies was
insufficient to withstand a motion for summary judgment as they
were allegations made without evidentiary support and were
conclusory); *see also Tyler v. Jones*, No. 09-2561, 2010 WL
3843491, at *6 (D. Colo. July 19, 2010) (finding that
plaintiff's contention that central office failed to respond to
grievance is conclusory and lacks evidentiary support to rebut
defendants' evidence that grievance was ever filed), *report and
recommendation adopted by*, 2010 WL 3943653 (D. Colo. July 19,

2010); *Lester v. Hadley*, No. 06-393, 2009 WL 856698, at *6 (S.D. Ala. Mar. 30, 2009) (finding plaintiff's self-serving conclusory statement that he filed a grievance where plaintiff has changed his story from admitting to not filing a grievance to then claiming he did file a grievance but defendants' lost it is insufficient to rebut motion for summary judgment).

Next, Plaintiff states that he filed an IRF on July 1, 2009, while incarcerated at the East Jersey State Prison. Plaintiff contends that he submitted this grievance but never received a response. Nevertheless, as previously stated, Plaintiff's contention is directly contradicted by his allegation in his complaint that he appealed his grievances to the highest level possible. This contradiction notwithstanding, Plaintiff still fails to show that there is a genuine issue of material fact with respect to the exhaustion issue.

The Moving Defendants have attached a copy of Plaintiff's July 1, 2009 IRF where Plaintiff stated as follows:

> On the date of July 22, 2009, I will be up for my Level # 2 status. I'm writing asking for an interstate compact agreement form and transfer because I was assaulted and severely beaten by correctional staff in South Woods State Prison. Over the years, I've been to just about all the prisons . . . rest of my time besides out of state where my family lives. I was jumped and beaten at Northern State in March of 2006 and was T.C.C. out to Bayside and was threaten [sic] there also. Please assist me.

(Dkt. No. 85-5 at p. 25.)

Contrary to Plaintiff's contention that there was no
response on this grievance, a response was issued.  The response
stated that Plaintiff's "request will be reviewed at the 9/09
mtg." (*Id.*)  While this grievance mentions that Plaintiff was
assaulted while incarcerated at the South Woods State Prison,
Plaintiff failed to appeal this grievance to the Administrator.
Accordingly, Plaintiff did not exhaust his administrative
remedies through filing an appeal.

Plaintiff also states that he submitted another grievance
on August 28, 2010, while at the South Woods State Prison,
related to the April 23, 2009 assault.  Plaintiff asserts that
he never received a response to this grievance.  As previously
stated, Moving Defendants submitted the declaration of Ms. Linen
who attached Plaintiff's IRFs that were processed during his
incarceration at South Woods State Prison.  Similar to the
discussion regarding Plaintiff's argument under this May 5, 2009
IRF, Plaintiff's conclusory allegations, without more, regarding
this August 28, 2010 grievance, do not establish that there is a
genuine issue of material fact that Plaintiff has exhausted his
administrative remedies.

Plaintiff also contends that he exhausted his
administrative remedies through "unformal means."  This
conclusory allegation is also insufficient to show a genuine

issue of material fact that Plaintiff exhausted his administrative remedies. Indeed, in *Concepcion*, the Third Circuit held that "plaintiffs must first attempt to address their grievances through the administrative remedies described in the New Jersey's Department of Corrections Handbook before they will be allowed to pursue their § 1983 claims." 306 F.3d at 1355. For the reasons described above, Plaintiff failed to exhaust his excessive force claim through the grievance procedures outlined in the Inmate Handbook.

Plaintiff also argues that he was denied adequate discovery because he was not provided with copies of the grievances cited in his response. The Court notes that discovery has closed in this case and Plaintiff was given adequate opportunity to compel discovery in this matter. Furthermore, the Moving Defendants have provided declarations from Department of Corrections employees at the prisons where Plaintiff has been incarcerated. They declare that they have attached the IRFs filed by Plaintiff while he was housed at their respective facilities that complied with the applicable procedures.

### V.    CONCLUSION

For the foregoing reasons, Plaintiff has failed to exhaust his administrative remedies with respect to the remaining claim against the Moving Defendants, namely that Moving Defendants used excessive force against Plaintiff on April 23, 2009. In

13

light of Plaintiff's failure to exhaust, Moving Defendants'
remaining arguments in their motion for summary judgment need
not be addressed.   An appropriate order granting Moving
Defendants' motion for summary judgment will be entered.


DATED:  *July 26, 2013*                    _____
                                           RENÉE MARIE BUMB, U.S.D.J.