NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ALBERT H. ROBERTS,                  :
                                    :   Civil Action No. 11-1793 (RMB)
            Plaintiff,              :
                                    :
      v.                            :   **MEMORANDUM OPINION**
                                    :
KAREN BALICKI, et al.,              :
                                    :
            Defendants.             :
_____:

**BUMB, District Judge:**

    This matter is before the Court upon the Court's sua sponte review of the docket in this matter. The docket suggests that Plaintiff: (a) has abandoned this action; and (b) verifies that Plaintiff willfully elected not to respond to this Court's order to show cause. See Docket Entry No. 113.

    This matter was commenced almost three years ago when, on March 17, 2011, Plaintiff executed a civil complaint ("Complaint") challenging the events that had taken place on April 23, 2009, that is, almost five years ago. See Docket Entry No. 1. The Complaint raised many claims against various Defendants. See Docket Entry No. 4 (reviewing each Plaintiff's claim in detail). Some of these claims were facially deficient and warranted sua sponte dismissal; others were set forth in such terms that this Court, out of an abundance of caution, found it appropriate to direct service. These other claims raised: (a)

Eighth Amendment denial-of-medical-care challenges against Defendants Richards and Jilla; (b) Eighth Amendment excessive force challenges against Defendants Richards, Jilla, Yacovelli, Hogan, Horan, McCoy, Lago, Gandy and Volov; and (c) Eighth Amendment challenges asserting verbal harassment by Defendants King, Sheldon and Kenlowe. See Docket Entry No. 4; see also Docket Entry No. 113 at 1. The Court, therefore, directed the U.S. Marshal to serve summonses upon the aforesaid Defendants. See Docket Entry No. 5.

The summonses returned executed as to Defendants Gandy, Horan, Lago, McCoy, Rogan, Yacovelli and Volov (collectively, "Served Defendants"). See Docket Entry No. 113 at 1-2. After a year and a half of litigation, the Served Defendants moved for summary judgment. That motion was granted, and Plaintiff's claims against the Served Defendants were dismissed as not exhausted administratively. See Docket Entries Nos. 111 and 112.

A different fate, however, awaited Plaintiff's claims against Defendants King, Sheldon, Jilla, Richards and Kenlowe (collectively, "No-Jurisdiction Defendants"). The summonses issued as to Defendants King, Sheldon, Jilla and Richards were returned unexecuted, while the summons issued as to Defendant Kenlowe produced no record of service. See Docket Entry No. 113 at 2 (detailing the same). This Court, therefore, directed re-service upon Defendant Kenlowe; that re-service verified this

Defendant could not have been served on the basis of the information provided by Plaintiff.

The Court also directed Plaintiff to show cause as to why his claims against the No-Jurisdiction Defendants should not have been dismissed for failure to prosecute. See Docket Entries Nos. 113 to 115. More than six months passed since the Court's issuance of that order to show cause; however, no response was received from Plaintiff. See generally, Docket.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Also, district courts have the inherent power to dismiss, sua sponte, an action that evinces a litigant's failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).[1] The Court of Appeals has identified six factors a district court should consider when contemplating a dismissal for failure to prosecute:

---

[1] Because of the severity of a dismissal sanction, district courts are obligated to provide the litigant with an opportunity to explain his reasons for failing to prosecute the action or comply with court orders prior to dismissing his case sua sponte. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); but see Reshard v. Lankenau Hosp., 256 F. App'x 506, 507 (3d Cir. 2007) (when circumstances make such action appropriate, "'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting'") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)).

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis removed).[2]

Here, the balance of Poulis factors compels this Court to dismiss Plaintiff's claims against the No-Jurisdiction Defendants since: (a) Plaintiff is personally responsible for identifying the No-Jurisdiction Defendants in a fashion sufficient for the U.S. Marshal to execute service; (b) since January 2012, i.e., for *two years*, Plaintiff had notice that service could not have been executed on the No-Jurisdiction Defendants, and he was explained the shortcomings he had to cure; (c) Plaintiff did not cure these shortcomings; (d) Plaintiff did not respond to this Court's order to show cause for *six months*; (e) this Court cannot proceed with litigation of this matter since the Court lacks in personam jurisdiction over the No-Jurisdiction Defendants; and (f) any future litigation against the No-Jurisdiction Defendants

---

[2] No single factor is dispositive, and "[e]ach factor need not be satisfied for the [district] court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

would be highly prejudicial because five years have passed since the events Plaintiff asserted, but the No-Jurisdiction Defendants never had a notice that they might be hailed to the court to litigate these events, their recollections might have faded, and the evidence upon which the No-Jurisdiction Defendants might have relied could be destroyed by the prison in an ordinary course of business, without any notice to the No-Jurisdiction Defendants.

Moreover, the meritoriousness of Plaintiff's claims against the No-Jurisdiction Defendants is doubtful at best. Plaintiff's harassment claims against King, Sheldon and Kenlowe appear, at a closer review, facially meritless, since Plaintiff limited his allegations to purely verbal harassment (such as threats or laughter) not cognizable in a § 1983 review without a showing of physical violence. See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (D.N.J. Dec. 8, 2005) ("Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)); see also Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment").

In addition, Plaintiff's excessive force claims against Defendants Richards and Jilla are likely to be subject to dismissal on the failure to exhaust grounds (that served as the basis for this Court's grant of summary judgment to the Served Defendants). This is so because Plaintiff's excessive force claims against Defendants Richards and Jilla were based on the events he alleged with regard to the Served Defendants, and the likelihood that Plaintiff properly exhausted his claims against Defendants Richards and Jilla (while not exhausting his claims against the Served Defendants) appears slim. Therefore, under Poulis, the Court finds itself constrained to dismiss Plaintiff's claims against the No-Jurisdiction Defendants.[3]

An appropriate Order accompanies this Memorandum Opinion.[4]

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**

---

[3] The Court notes the presence of Plaintiff's Eighth Amendment denial-of-medical-care claims against Defendants Richards and Jilla. This line of claim is the sole reason for the Court's concern in this matter. However, this sole concern cannot affect the outcome of the Court's Poulis analysis in light of other Poulis considerations applicable here.

[4] The Court, mindful of the severity of the sanction imposed here, will retain temporary jurisdiction over this matter for thirty days solely out of an abundance of caution: in order to ensure that Plaintiff has one final opportunity to respond to the Court's order to show cause (docketed in this matter as Docket Entry No. 113) and to explain the reasons for Plaintiff's more-than-half-a-year procrastination with filing such response.

Dated: