NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
ALBERT H. ROBERTS,            :
                              :   Civil Action No. 11-1793 (RMB)
          Plaintiff,          :
                              :
     v.                       :   **MEMORANDUM OPINION AND ORDER**
                              :
KAREN BALICKI, et al.,        :
                              :
          Defendants.         :
_____:

    This matter comes before this Court upon Plaintiff's statement, Docket Entry No. 118, effectively requesting an opportunity to re-plead some of Plaintiff's claims. See id.

    This matter was commenced more than three years ago when, on March 17, 2011, Plaintiff executed a civil complaint challenging the events that had taken place on April 23, 2009, i.e., more than five years ago. See Docket Entry No. 1. The complaint raised many claims against various Defendants. See Docket Entry No. 4. Some of these claims were facially deficient and warranted sua sponte dismissal; others were set forth in such terms that this Court, out of an abundance of caution, found it appropriate to direct service. These other claims raised: (a) Eighth Amendment denial-of-medical-care challenges against Defendants Richards and Jilla; (b) Eighth Amendment excessive force challenges against Defendants Richards, Jilla, Yacovelli,

Hogan, Horan, McCoy, Lago, Gandy and Volov; and (c) Eighth Amendment challenges asserting verbal harassment by Defendants King, Sheldon and Kenlowe.  See Docket Entry No. 4; see also Docket Entry No. 113 at 1.  The Court, therefore, directed the U.S. Marshal to serve summonses upon the aforesaid Defendants.  See Docket Entry No. 5.

The summonses returned executed as to Defendants Gandy, Horan, Lago, McCoy, Rogan, Yacovelli and Volov (collectively, "Served Defendants").  See Docket Entry No. 113 at 1-2.  After a year and a half of litigation, the Served Defendants moved for summary judgment.  That motion was granted, and Plaintiff's claims against the Served Defendants were dismissed as not exhausted administratively.  See Docket Entries Nos. 111 and 112.

A different fate, however, awaited Plaintiff's claims against Defendants King, Sheldon, Jilla, Richards and Kenlowe (collectively, "No-Jurisdiction Defendants").  The summonses issued as to Defendants King, Sheldon, Jilla and Richards were returned unexecuted, while the summons issued as to Defendant Kenlowe produced no record of service.  See Docket Entry No. 113 at 2 (detailing the same).  This Court, therefore, directed re-service upon Defendant Kenlowe; that re-service verified this Defendant could not have been served on the basis of the information provided by Plaintiff.

The Court also directed Plaintiff to show cause as to why his claims against the No-Jurisdiction Defendants should not have been dismissed for failure to prosecute. <u>See</u> Docket Entries Nos. 113 to 115. When, six months later, no response was received from Plaintiff, this Court dismissed Plaintiff's claims against the No-Jurisdiction Defendants for failure to prosecute. <u>See</u> Docket Entries Nos. 116 and 117 (relying on Fed. R. Civ. P. 41(b) and <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984)). Noting that Plaintiff failed to comply with his responsibility to identify the No-Jurisdiction Defendants in a fashion sufficient for the U.S. Marshal to execute service and also did not cure the shortcomings of his complaint, this Court concluded that future litigation against the No-Jurisdiction Defendants would likely to be highly prejudicial because five years have passed since the events Plaintiff asserted, the No-Jurisdiction Defendants never had notice that they might be haled to court to litigate these events, and the evidence upon which the No-Jurisdiction Defendants might have relied could have been destroyed. The Court also noted that the merits of Plaintiff's claims against the No-Jurisdiction Defendants were doubtful because: (a) Plaintiff's harassment claims against King, Sheldon and Kenlowe were non-cognizable in § 1983 review as they were allegations of purely verbal harassment (such as threats or

laughter); and (b) Plaintiff's excessive force claims against Defendants Richards and Jilla appeared unexhausted.

However, out of an abundance of caution, this Court allowed Plaintiff an opportunity to file a statement reflecting on the merits and exhaustion of his excessive force claims and offering a justification for Plaintiff's failure to prosecute. See Docket Entry No. 117. The statement at bar followed. See Docket Entry No. 118.

This statement essentially asserts that Plaintiff's initial pleading was executed by a paralegal who later abandoned Plaintiff. See id. Without detailing the facts of his claims, Plaintiff now: (a) alleges that the violation of his rights were such that they offended the Constitution; and (b) moves for amendment of his pleading. See id. He also asserts that he duly exhausted his administrative remedies. See id.

While Plaintiff's claims based on verbal harassment are facially deficient and cannot be revived, this Court finds it in the interests of justice to allow Plaintiff one final opportunity to properly identify defendants Richards and Jilla and detail Plaintiff's facts in support of his excessive force claim against these defendants. The Court stresses that Plaintiff, a layperson, is not expected to produced a skilled legal document. Rather, Plaintiff's amended complaint must be a clear and concise narrative detailing what exactly was done by Richards and Jilla,

the circumstances of their use of excessive force, the time, the injuries Plaintiff suffered, etc. See In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (Plaintiff's allegations must be factual, i.e., they must state "the who, what, when, where, and how: the first paragraph of any newspaper story," and these allegations should be free of self-serving, bold conclusions).

IT IS, therefore, on this **5th** day of **January 2015**,

**ORDERED** that Plaintiff's application, Docket Entry No. 118, is granted insofar that Plaintiff may file his amended complaint detailing the facts of the events related to his excessive force allegations with regard to defendants Richards and Jilla and identifying those defendant in the fashion sufficient for the U.S. Marshal to execute service. Such amended pleading shall be filed within sixty days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

                              **s/Renée Marie Bumb**
                              **RENÉE MARIE BUMB**
                              **United States District Judge**